UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:17-cr-20762

HONORABLE STEPHEN J. MURPHY, III

v.

ERICK MCCURDY,

        Defendant.
                                       /

**OPINION AND ORDER
DENYING MOTION FOR COMPASSIONATE
<u>RELEASE [26] AND MOTION TO APPOINT COUNSEL [27]</u>**

Defendant Erick McCurdy moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), and to appoint counsel. ECF 26, 27. The Government opposed the motion for compassionate release. ECF 29. The Court will first address the motion to appoint counsel.

"[T]he Court has discretion to appoint counsel if the interests of justice so require." *United States v. Oliver*, No. 3:17-CR-41-3, 2020 WL 2310391, at *3 (E.D. Tenn. May 8, 2020) (citing 18 U.S.C. § 3006A). But "there is no general constitutional right to appointed counsel in post-conviction proceedings, . . . including proceedings under 18 U.S.C. § 3582(c)." *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and *United States v. Bruner*, No. 5:14-CR-05, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). "This is because a motion filed under § 3582(c)(2) 'is simply a vehicle through which appropriately sentenced prisoners can urge the [C]ourt to

1

exercise leniency[.]'" *Bruner*, 2017 WL 106434 at *2 (quoting *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (alterations in original)).

Here, Defendant has shown no likelihood of success of obtaining release under the First Step Act. *See* ECF 26. Nor has Defendant shown that his case is factually or legally complex. *See id.*; *United States v. Ryerson*, No. 3:09-CR-66-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020) (explaining that most compassionate release requests are not "particularly complex [] factually or legally"). Last, Defendant has not shown that appointing counsel will serve the interests of justice. *See* ECF 27. The Court will therefore deny the motion to appoint counsel.

Next, the Court will deny Defendant's motion for compassionate release because Defendant remains a danger to the community. To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. The Guidelines classify those reasons in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three categories. *Id.* at cmt. n.1(A)–(D).

Even if Defendant establishes "extraordinary and compelling reasons," he is ineligible for compassionate release if he is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Court must consider the 18 U.S.C. § 3142(g) factors when determining Defendant's dangerousness. U.S.S.G.

2

§ 1B1.13(2). Those factors include: (1) the nature and circumstances of the offense, (2) the weight of the evidence against Defendant, (3) Defendant's history and characteristics, and (4) the nature and seriousness of the danger Defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g).

To begin, the Court need not address whether Defendant has proven "extraordinary and compelling reasons" because if Defendant is "a danger to the safety of any other person or to the community[,]" then the Court must deny the compassionate release motion. U.S.S.G. § 1B1.13(2); *see United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) (explaining that a necessary requirement for granting compassionate release is that the defendant is not a danger to the community). The Court will now consider whether Defendant is a danger to the community.

First, Defendant's drug trafficking conviction is an express factor that warrants detention under 18 U.S.C. § 3142(g)(1). Plus, involvement in "drug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). Courts in the Eastern District of Michigan have already found that defendants involved in drug trafficking pose a danger to the community. *See United States v. Gordon*, --- F. Supp. 3d ---, No. 17-20067, 2020 WL 4696596, at *3–5 (E.D. Mich. Aug. 12, 2020) (finding that a defendant who distributed heroin and fentanyl was a danger to the community). With that in mind, the Government asserted that Defendant has multiple drug distribution convictions, including his present conviction for fentanyl possession with intent to distribute. ECF 29, PgID 211–12. And Defendant did not refute the Government's

3

allegations. In all, Defendant's criminal offenses clearly convey a danger the community.

For the second § 3142(g) factor, the Court must weigh "the evidence of dangerousness[.]" *Stone*, 608 F.3d at 948. Apart from Defendant's drug trafficking offenses, prison officials have repeatedly sanctioned Defendant for disciplinary issues since his most recent drug trafficking conviction. ECF 29, PgID 228–29. What is more, Defendant's disciplinary issues ultimately led to his transfer to a different prison. *Id.* at 229. Again, Defendant did not address his disciplinary issues. The Court therefore finds that the second factor weighs against Defendant.

For the third § 3142(g) factor the Court must evaluate Defendant's "character, physical and mental condition, . . . family ties, employment, . . . history relating to drug [] abuse, . . . [and] criminal history[.]" 18 U.S.C. § 3142(g)(3)(A). To that end, "[a]lthough a prior record of violence eases the government's burden of showing dangerousness, it is not essential." *Stone*, 608 F.3d at 950 (quoting *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991)). Apart from Defendant's lengthy history of drug dealing, Defendant also has a history of drug abuse. ECF 29, PgID 228–29. Plus, Defendant never suggested that he will seek employment after his release. ECF 26, PgID 168–69. Because Defendant has not shown that he has any means of economic support and given his repeated drug trafficking and drug use, Defendant will likely pose a danger to the community through reengagement in the drug dealing community. The third factor therefore weighs against Defendant's release.

4

Under the last § 3142(g) factor, the Court must evaluate "the nature and seriousness of the danger" that Defendant would pose "to any person or the community[.]" 18 U.S.C. § 3142(g)(4). And danger to "the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam) (internal quotation marks omitted). Given Defendant's serious and repeated drug trafficking convictions, the Court finds that the fourth factor weighs against Defendant's release. *See Stone*, 608 F.3d at 947 n.6 ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."); *see also Cook*, 880 F.2d at 1161. Because all four 18 U.S.C. § 3142(g) factors weigh against Defendant, the Court finds that Defendant is a danger to the community and is therefore ineligible for compassionate release. The Court will therefore deny Defendant's motion for compassionate release.

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [26] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to appoint counsel [27] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: December 3, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 3, 2020, by electronic and/or ordinary mail.

                                           s/ David P. Parker
                                           Case Manager